Filed 11/6/20  P. v. Lucatero CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARIAN LUCATERO,<br><br>    Defendant and Appellant. | F077927<br><br>(Tulare Super. Ct. No. VCF324117)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Brett R. Alldredge, Judge.

Maureen M. Bodo, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and A. Kay Lauterbach, Deputy Attoneys General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Peña, Acting P.J., Meehan, J. and DeSantos, J.

## INTRODUCTION

Appellant/defendant Arian Lucatero pleaded guilty to a felony offense and was initially placed on mandatory supervision. He violated the terms and conditions of his mandatory supervision and was ordered to serve the remainder of his time in local custody.

On appeal, he contends the court improperly ordered him to pay a restitution fine, fees, and other assessments without determining his ability to pay, in violation of his constitutional right to due process under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 15, 2015, officers from the Visalia Police Department executed a search warrant at a residence that was under investigation for drug trafficking. The officers announced their presence, but no one answered. After using force to enter, the officers found defendant asleep in the house.[1]

During the search of the house, the officers found a clear plastic bag containing 4.1 grams of methamphetamine, a plastic container with methamphetamine residue, a digital scale with white residue, over $1,000 in cash, and defendant's cell phone that had messages consistent with narcotics sales.

In response to an officer's questions, defendant admitted he used methamphetamine but denied that he sold drugs. He bought the methamphetamine from a transient known as "Memo." Defendant admitted the digital scale belonged to him, but he only used it to verify his drug purchases. Defendant said the messages on his phone referred to his drug use with his friends.

The officers made contact with other occupants of the house, who said they had no information about the drug investigation.

---

[1] Given defendant's plea, the facts are from the probation report.

When the officers tried to save and extract the messages from defendant's phone, they were unable to do so and realized the messages had been deleted remotely. Defendant was arrested and booked in the jail.

On September 18, 2015, defendant posted bail and was released from custody.

On February 19, 2016, officers detained defendant during a traffic stop. A canine was used to examine the exterior of defendant's car, and the canine alerted to the odor of narcotics inside the car. The officers searched the car and found a shoebox behind the driver's seat that contained 787 grams of methamphetamine. Defendant admitted he used methamphetamine and cocaine. He also admitted that he sold methamphetamine to support his family in Tijuana, Mexico. Defendant said he transported the methamphetamine from Mexico to Visalia but claimed this would be the last time " 'he did this.' " Defendant refused to disclose the passcode for his cell phone. Defendant was arrested and booked into jail.

**The charges**

On February 23, 2016, the Tulare County District Attorney filed a first amended felony complaint charging appellant with counts 1 and 2, possession of methamphetamine for sale on, respectively, September 15, 2015, and February 19, 2016 (Health & Saf. Code, § 11378); and count 3, sale of methamphetamine on February 19, 2016 (Health & Saf. Code, § 11379). As to counts 2 and 3, it was further alleged defendant committed the offenses while on bail (Pen. Code, § 12022.1),[2] and he possessed an excessive amount of methamphetamine for sale (§ 1203.073, subd. (b)(2)).

On February 28, 2016, defendant posted bail and was released.

On May 17, 2016, defendant was arrested in Los Angeles County for failing to appear for a traffic citation and transferred back to Tulare County.

---

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

3.

**Plea and sentence**

On November 14, 2016, defendant entered a negotiated disposition and pleaded no contest to counts 1 and 2, possession of methamphetamine for sale, and admitted the enhancements attached to count 2, for an indicated sentence of four years based on 16 months in local custody, and two years six months suspended, but under mandatory supervision, and dismissal of count 3.

On December 13, 2016, the court conducted the sentencing hearing and imposed an aggregate term of four years based on the lower term of 16 months for count 1; a consecutive term of eight months (one-third the midterm) for count 2, plus a consecutive term of two years for the on-bail enhancement, all to be served locally. The court dismissed the excessive drug enhancement.

The court ordered defendant to serve one year six months in county jail, suspended two years six months of his term, and placed defendant on mandatory supervision for that period (§ 1170, subd. (h)(5)(B)).

The court imposed several terms and conditions of his mandatory supervision, including payment of a restitution fine of $500 (§ 1202.4, subd. (b)) and suspension of the $500 mandatory supervision revocation fine (§ 1202.45). The court stated that the restitution fine, "along with all other fines, fees, and assessments made herein may be paid … in installments of at least $50 a month, beginning 30 days from release from custody…."

The court also ordered defendant to report to the probation department within 72 hours after his release from custody and provide whatever information was reasonably requested; seek and maintain employment; register as a narcotics offense; submit to a search of his person, residence, automobile, and any object under his control; not to use or possess narcotics; submit to drug tests at the discretion of the court and probation officer; and pay a criminal laboratory analysis fee of $1,255 (Health & Saf. Code, § 11372.5).

The court further stated: "Based upon your ability to pay, you must pay all or part of the costs associated with chemical testing or herein, based upon that financial ability. [¶] As additional orders, but not made part of the conditions of your mandatory supervision, you must pay an operations assessment fee of $80 [§ 1465.8], a conviction assessment fee of $60 [Gov. Code, § 70373], based upon your present and future ability to pay," and $250 for the preparation of the probation report.

Defendant did not object to the court's imposition of any of the fines, fees, or assessments, and he did not claim that he lacked the ability to pay any of these amounts.

**Violations of mandatory supervision**

On January 31, 2017, defendant was released from custody in county jail. On February 8, 2017, defendant reported to the probation department and reviewed and signed the terms and conditions for his mandatory supervision.

In February and March 2017, the probation officer repeatedly attempted to contact and/or meet with defendant but was unable to locate him.

On March 23, 2017, defendant reported to the probation officer and admitted he had used cocaine a few days earlier.

In April 2017, defendant failed to appear for several appointments.

On April 25, 2017, defendant reported to the probation officer and submitted a drug test that was presumptively positive for THC. He was ordered to report weekly. In May 2017, defendant failed to appear for scheduled appointments.

On May 10, 2017, the probation officer met defendant at his house. Defendant said he was leaving for Los Angeles and did not need to get permission. Defendant submitted a drug test that was presumptively positive for THC and admitted that he smoked marijuana daily for " 'stress relief.' "

**Affidavit of violations**

On June 6, 2017, defendant's probation officer filed a certificate and affidavit requesting the court to revoke defendant's mandatory supervision based on the

allegations that he violated the terms and conditions because he failed to report to his probation officer six times; failed to abstain from the use of drugs, based on his admission on March 23, 2017, that he used cocaine a few days earlier, submission of drug tests on April 25 and May 10, 2017, that were presumptively positive for THC, and admission that he had smoked marijuana; failed to contact the probation officer to arrange to satisfy his financial obligations; failed to register as a narcotics offender; and was leaving the county without written permission. The affidavit stated that defendant's whereabouts were unknown and requested an arrest warrant.

On June 18, 2017, the court revoked defendant's mandatory supervision and issued a bench warrant for his arrest.

On July 10, 2017, defendant appeared in court, denied the allegations, and was remanded into custody on $25,000 bail.

On July 17, 2017, defendant again appeared in court and was ordered to return for a further hearing. Defendant posted bail and was released from custody.

On September 1, 2017, defendant failed to appear as ordered, and the court issued a no-bail warrant.

**Defendant's admissions of violations**

On May 22, 2018, defendant appeared in court on the bench warrant and denied the violation allegations.

On June 18, 2018, defendant admitted that he violated the terms of his mandatory supervision. In two newly filed cases, defendant pleaded guilty to two misdemeanor counts of driving when his privileges were suspended or revoked with prior offenses, committed on May 24, 2017, and February 19, 2018 (Veh. Code, § 14601.1, subd. (a)).

Defendant addressed the court and admitted he had been greedy and selfish when he used and sold methamphetamine. Defendant said he had worked in the fields, in construction, and had his own business as a handyman.

The court terminated defendant's mandatory supervision and reimposed the sentence of four years in county jail, with credit for time already served, and concurrent terms for the two new misdemeanor convictions. The court stated it was waiving "the considerable fines and fees" in the two misdemeanor cases.

On August 9, 2018, defendant filed a timely notice of appeal.

**The court's subsequent order**

On March 9, 2019, appellate counsel wrote to the superior court and requested the court to correct the amount imposed for the criminal laboratory analysis fine (Health & Saf. Code, § 11372.5); strike the fees imposed under section 1465.8, and Government Code sections 29550 et seq. and 70373; reduce the restitution fine to the statutory minimum of $300; and stay enforcement of both the restitution fine and the probation report fee until the court determined he had the ability to pay.

On May 14, 2019, the court partially granted defendant's request and reduced the laboratory analysis fee from $1,255 to $100 (Health & Saf. Code, § 11372.5), ordered the minute order and abstract of judgment corrected accordingly, and denied the remainder of his request.[3]

## DISCUSSION

Defendant argues the court improperly imposed the restitution fine, assessments, and other fees in violation of his due process rights without determining whether he had the ability to pay these amounts. Defendant asserts the order imposing the fine and fees

---

[3] Appellate counsel's postjudgment letter to the superior court was required to perfect appellate review and comply with section 1237.2, which states that "[a]n appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing."

7.

must be vacated and reversed, or the matter remanded for the court to conduct an ability to pay hearing.[4]

Defendant's arguments are based on the *Dueñas* case, where the Court of Appeal, citing due process and equal protection principles, held that the assessments under Government Code sections 70373 and 1465.8 may be "imposed only on those with the means to pay them" (*Dueñas, supra*, 30 Cal.App.5th at pp. 1168–1169), and "that although the trial court is required by … section 1202.4 to impose a restitution fine, the court must stay the execution of the fine until and unless the People demonstrate that the defendant has the ability to pay" (*id.* at p. 1172; accord, *People v. Castellano* (2019) 33 Cal.App.5th 485, 489–490 [following *Dueñas* but clarifying that "a defendant must in the first instance contest in the trial court his or her ability to pay the fines, fees and assessments to be imposed and at a hearing present evidence of his or her inability to pay the amounts contemplated by the trial court"]; contra, *People v. Allen* (2019) 41 Cal.App.5th 312, 325–330 [rejecting the defendant's *Dueñas*-based due process claim and her equal protection claim]; *People v. Hicks* (2019) 40 Cal.App.5th 320, 326–329, review granted Nov. 26, 2019, S258946 [rejecting *Dueñas's* due process analysis]; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1061 [disagreeing with *Dueñas's* due process analysis and concluding constitutional challenge to fines, fees and assessments should be made under the Eighth Amendment's excessive fines clause] (*Aviles*)).

Based on this record, however, defendant has forfeited an inability to pay argument. When the court imposes a restitution fine greater than the $300 statutory minimum amount, "[s]ection 1202.4 expressly contemplates an objection based on inability to pay," and defendant's failure to object results in forfeiture of the issue.

---

[4] The California Supreme Court is currently considering whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments; and if so, which party bears the applicable burden of proof. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, review granted Nov. 13, 2019, S257844.)

(*People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153 (*Frandsen*); *Aviles, supra*, 39 Cal.App.5th at p. 1073.)  Such a forfeiture rule has been consistently followed.  (*People v. Nelson* (2011) 51 Cal.4th 198, 227; *People v. Gamache* (2010) 48 Cal.4th 347, 409; *People v. Trujillo* (2015) 60 Cal.4th 850, 853–854.)

Defendant argues he did not forfeit review of the *Dueñas* issues because the case had not yet been decided at the time of his sentencing hearing, defense counsel could not have anticipated it, and any objection would have been futile at the time.  In this case, however, the court ordered him to pay a restitution fine of $500 under section 1202.4, subdivision (b), an amount greater than the statutory minimum fine.  Defendant had the statutory right to object to the $500 restitution fine and demonstrate his alleged inability to pay.  Such an objection "would not have been futile under governing law at the time of his sentencing hearing," and his failure to do so has forfeited the issue.  (*Frandsen, supra*, 33 Cal.App.5th at p. 1154; *People v. Lowery* (2020) 43 Cal.App.5th 1046, 1048; *Aviles, supra,* 39 Cal.App.5th 1073–1074; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1032–1033.)

In addition, any objections to the assessments imposed under section 1465.8 and Government Code section 70373, and the other fees, would not have been futile.  "Although both statutory provisions mandate the assessments be imposed, nothing in the record of the sentencing hearing indicates that [the defendant] was foreclosed from making the same request that the defendant in *Dueñas* made in the face of those same mandatory assessments.  [The defendant] plainly could have made a record had his ability to pay actually been an issue.  Indeed, [he] was obligated to create a record showing his inability to pay the … restitution fine, which would have served to also address his ability to pay the assessments."  (*Frandsen, supra*, 33 Cal.App.5th at p. 1154; *Aviles, supra*, 39

Cal.App.5th at p. 1074.)[5] Defendant was required to create a record to claim his alleged inability to pay the restitution fine. If he had done so, presumably the record would have included evidence that addressed his inability to pay the other fines, fees, and assessments imposed in this case. (*People v. Gutierrez, supra,* 35 Cal.App.5th at p. 1033; *People v. Jenkins* (2019) 40 Cal.App.5th 30, 40–41; *People v. Keene* (2019) 43 Cal.App.5th 861, 863–864.)

Finally, we note that at the sentencing hearing, the court expressly stated that "[b]ased upon your ability to pay, you must pay all or part of the costs associated with chemical testing or herein, based upon that financial ability. [¶] As additional orders, but not made part of the conditions of your mandatory supervision, you must pay an operations assessment fee of $80 [§ 1465.8], a conviction assessment fee of $60 [Gov. Code, § 70373], based upon your present and future ability to pay," and $250 for the preparation of the probation report. Defendant did not object to the court's imposition of any of the fines, fees, or assessments, or claim he lacked the ability to pay any of these amounts and has forfeited review of these issues.

## DISPOSITION

The judgment is affirmed.

---

[5] Appellate counsel's postjudgment letter to the superior court, required to comply with section 1237.2, does not excuse his failure to object to the $500 restitution fine.